## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim. No. 10-47-LPS |
| ) | |
| BRUCE E. COSTA, JR., ) | REDACTED - |
| ) | PUBLIC |
| ) | VERSION |
| Defendant. ) | |

### MEMORANDUM ORDER

1. On December 20, 2012, the Court sentenced Defendant, Bruce E. Costa, Jr., to 240 months imprisonment. (D.I. 171)

2. On February 19, 2014, the Court of Appeals for the Third Circuit issued its mandate affirming Defendant's conviction and sentence. (D.I. 194-1) Among the issues the Court of Appeals resolved on appeal was a purported *Brady* violation. *See United States v. Costa*, 553 Fed. Appx. 227, 235 (3d Cir. Jan. 27, 2014).

3. On October 19, 2015, the Court granted Defendant's motion to vacate sentence under 28 U.S.C. § 2255 in light of the parties' agreement that an *ex post facto* violation occurred in connection with Defendant's original sentencing. (*See* D.I. 208) Consequently, the Court anticipates vacating the judgment of sentence (D.I. 171) and imposing a new sentence and filing an amended judgment after a new sentencing hearing. (*See id.*)

4. A sentencing hearing is currently scheduled for July 13, 2016. (D.I. 241)

5. On February 29, 2016, Defendant filed a Motion to Compel Disclosure of *Brady* Material in Relation to Resentencing. (D.I. 224) The government opposes the motion. (D.I.

228) After subsequent communications between the parties, as well as a teleconference with the Court, Defendant's motion now seeks production of the following materials (hereinafter, the "Disputed Materials"):

(i)

(ii)

(iii)

(iv)

(*See* D.I. 236 at 1) The Disputed Materials have been submitted to the Court for *in camera* review.

Having reviewed the Disputed Materials *in camera*, as well as the parties' briefs and the pertinent authorities cited in them, and the other materials referenced in this Memorandum Order, **IT IS HEREBY ORDERED** that Defendant's motion (D.I. 224) is **DENIED**.

In its opinion affirming Defendant's conviction and sentence, the Third Circuit considered Defendant's contention that the government had withheld *Brady* material in connection with his original sentencing. *See Costa*, 553 Fed. Appx. at 235. While the particular evidence alleged to have been withheld was different than the Disputed Materials at issue in the pending motion, the applicable legal analysis is identical. As explained by the Third Circuit:

> Under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or

2

> bad faith of the prosecution." Materiality in this context requires a "reasonable probability" that, had the evidence been disclosed, the result of the proceeding would have been different. *United States v. Bagley*, 473 U.S. 667, 684 (1985). Here, the information at issue, even if assumed to be covered by *Brady*, would have been cumulative of the evidence that the Court considered at sentencing. Because it is not reasonably probable that the result of the sentencing would have been different, there was no *Brady* violation.

For a broader view of what must be disclosed in order to comply with *Brady*, Defendant cites what he characterizes as "repeated[] reject[ion] by thoughtful district judges [of the prevailing view], as well as in dictum (necessarily so, in light of the 'materiality' rule which applies on appeal) by Courts of Appeals." (D.I. 224 at 1) (citing *United States v. Olsen*, 704 F.3d 1172, 1183 & n.3 (9th Cir. 2013); *United States v. Naegele*, 486 F. Supp. 2d 150, 152-53 (D.D.C. 2007); *United States v. Safavian*, 233 F.R.D. 12, 16-17 (D.D.C. 2005)). This Court, however, is bound by the decisions of the Supreme Court and the Third Circuit. *See Bagley*, 473 U.S. at 682 (stating evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different"); *United States v. Risha*, 445 F.3d 298, 303 (3d Cir. 2006) (stating *Brady* violation requires showing of materiality). That the Third Circuit expressly reiterated this binding standard in reviewing (admittedly, on appeal) the Court's original sentencing of the very Defendant now again before the Court convinces the undersigned that he must apply this standard for materiality to the Disputed Materials.

Here, none of the evidence Defendant seeks to compel the government to produce is "material" within the binding meaning of *Brady*. Having reviewed the Disputed Materials, and having again reviewed the materials submitted in connection with the original sentencing (as well

as the transcript of the original sentencing hearing), and also having reviewed the materials submitted to date in connection with the forthcoming resentencing (including the Presentence Investigation Report (D.I. 219)), the Court concludes that disclosure to Defendant of the Disputed Materials would not make it "reasonably probable" that the Court's decision at the resentencing (whatever that decision will be) would be different than it otherwise will be. All of the evidence Defendant seeks is accurately characterized as irrelevant and/or not favorable and/or cumulative of other evidence of record which the Court will be considering.

Mindful of the *ex parte* nature of the materials the Court has reviewed *in camera*, there is not much more the Court should add in the way of specifics to support its decision. The Court limits its comments on the Disputed Materials to the following: (i)

---

[1] In connection with the resentencing, the parties are free to argue again as to whether the Court should vary from the advisory guidelines range; if so, by how much; and may rely for their arguments on any materials in the record, including those that have already been considered by the Court.

4

Accordingly, at Wilmington this **1st** day of **July, 2016**,

**IT IS HEREBY ORDERED** that:

1. Defendant's motion to compel (D.I. 224) is **DENIED**.

2. The scheduling order (D.I. 241) is **AMENDED** as follows: (i) Defendant's supplemental sentencing memorandum shall be filed no later than **July 7**; (ii) the government's supplemental sentencing memorandum shall be filed no later than **July 11**; and (iii) Defendant's supplemental reply memorandum, if any, shall be filed no later than **July 12**.

2. Because this Memorandum Order has been filed under seal, the parties shall, no later than **July 6**, submit a proposed redacted version. Thereafter, the Court will docket a public version of the Memorandum Order.

July 1, 2016  
Wilmington, Delaware

HON. LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE

5