IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim. No. 10-47-LPS |
| ) | |
| BRUCE E. COSTA, JR., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

WHEREAS, the Court sentenced Defendant, Bruce E. Costa, Jr. ("Defendant") to 192 months imprisonment at a re-sentencing hearing on July 13, 2016;

WHEREAS, on July 14, 2016, Defendant filed a motion pursuant to Federal Rule of Criminal Procedure 35(a) for Correction of Sentence (D.I. 248);

WHEREAS, the Court directed the government to file a Response by July 18, 2016 (D.I. 249), and the government did so (D.I. 250);

The Court, having considered the parties' submissions,

**IT IS HEREBY ORDERED** that Defendant's motion (D.I. 248) is **DENIED**.

1. Rule 35(a) provides: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." The Rule is "not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence." Fed. R. Crim. P. 35 (Advisory Committee Notes, 1991 Amendments); *see also United States v. Johns*, 332 Fed. Appx. 737, 739 (3d. Cir. 2009) ("Rule 35 prohibits second

1

thoughts about sentencing decisions.").

2. The Court finds no error in the sentence it imposed, including no arithmetical, technical, or other clear error. To the contrary, the Court imposed the sentence it intended to impose: 192 months. Even if the Court wished to reconsider or change its mind (which it does not), Rule 35(a) would not permit it to do so.

3. Defendant contends that when the Court considered Guideline Amendment 782 amongst the totality of factors required to be considered pursuant to 18 U.S.C. § 3553(a), the imposed 192 months imprisonment "d[id] not align with the punishment that the Court stated it intended to impose." (D.I. 248 at 3)

4. Defendant's argument misunderstands the Court's explanation for its sentencing decision. The Court explained that it carefully considered numerous factors in determining an appropriate sentence. Among the multiplicity of pertinent factors was: that the Court's original sentence (240) months was equal to an 18% downward variance from the bottom of the (mistakenly-believed) applicable sentencing guideline range (292-365 months); the now-corrected applicable sentencing guideline range (235-293 months); the sentence that would constitute an 18% downward variance from the bottom of this range (192 months); the sentencing range that would be applicable were Amendment 782 applied retroactively (188-235 months); the sentence that would constitute an 18% downward variance from the bottom of this range (154 months); and the fact that if the Court sentenced Defendant without considering Amendment 782, and was thereafter presented with a motion to apply Amendment 782, the lowest the Court could reduce its sentence to would be 188 months. (*See* Transcript of Judge's Opinion in Resentencing Hearing ("Tr.") at 3-4)

5. Defendant's motion mistakenly places undue emphasis on merely one numerical data point: the 154 months that would have represented an 18% downward variance from the bottom of the Amendment 782 guideline range of 188-235. This was but one numerical data point among many. It was of no greater, or lesser, importance than the 240 month sentence advocated by the government, a proposed sentence the Court expressly recognized as reasonable. (*See* Tr. at 9)[1]

6. The Court's sentence *does* take into account the Amendment 782 reduction of offense level; that factor supported varying downward to 192 months from the applicable guideline range, which advised a minimum sentence of 235 months. The Court's sentence also *does* take into account any "additional progress" Defendant has made in the four years since his original sentencing, which again supports varying downward. These points helped Defendant overcome the powerful arguments from the government that 240 months remained the proper sentence and that the Court should not vary downward (or, alternatively, should vary less than it did at the original sentencing).

7. The Court attempted to explain this reasoning at the hearing, noting that even giving any consideration to Amendment 782 made the Court's decision something of a "hodgepodge," since it is inconsistent with the "one book" Guidelines Manual requirement. (*See* U.S.S.G. § 1B1.11) Still, as the parties jointly requested, the Court considered Amendment 782,

---

[1] Numerous non-numerical considerations factored into the Court's sentence as well, including the nature and seriousness of the offense, the need for deterrence and punishment, Defendant's several violations of institutional rules since the time of his original sentencing, the need for Defendant to "serve much, much more time" than a far less culpable co-defendant (who was sentenced to nine years incarceration) (*see* Tr. at 8), and many other factors noted at the hearing. The Court carefully considered all of them, leaving the Court with a "very difficult sentencing decision." (Tr. at 2)

which was a factor favoring a downward variance. The Court also considered the progress Defendant had made, which was another favor favoring a downward variance. Yet the totality of the pertinent considerations – those favoring Defendants' position, and those countering it – confirmed in the Court's mind that the proper sentence turned out to be one equal to the same percentage downward variance from the bottom of the applicable Guidelines range as at the original sentencing. As the Court stated at the sentencing hearing:

> And when I factor in Amendment 782, mindful of that 188 would b[e] the bottom that I could impose on a motion based solely on 782, mindful that what I'm thinking about with the 782 lower range is truly a hodgepodge but sometimes justice can require thinking that could fairly be characterized as hodgepodge. When I think about where I would have been four years ago, sentencing the defendant, if I had the correct guideline range, the 235 to 293, when I think about what motivated me to vary downward then and motivates me to vary downward today, and when I add to that the progress that I think the defendant has made, mindful that he hasn't only demonstrated progress but has demonstrated some, and when I do the calculation of, this is not a game of math, of the 18 percent reduction from the bottom of the current guideline range, the 18 percent off of 235, I find that everything points in my mind to that being a reasonable sentence under the totality of the circumstances.
>
> So the sentence I intend to impose is 192 months, which is 16 years, which is, it happens to be, 18 percent from the bottom of the current advisory guideline range.

(*See* Tr. at 10-11)

Accordingly, Defendant's motion is DENIED.

July 18, 2016  
Wilmington, Delaware

HON. LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE