IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Crim. No. 10-47-LPS |
| BRUCE E. COSTA, JR. | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

Defendant Bruce E. Costa, Jr. has filed a motion for reduction of sentence based on extraordinary and compelling circumstances, pursuant to 18 U.S.C. § 3582(c)(1)(A)(1). (D.I. 255) The purportedly "extraordinary and compelling reasons" supporting the motion are "physical conditions that place him at particular risk of contagion and adverse outcome from potential exposure in prison to the novel coronavirus." (*Id.* at 1) Specifically, Costa indisputably has a BMI in excess of 30 – rendering him "obese," a condition which the CDC has identified as one which places him at increased risk of severe illness from coronavirus[1] – and Gilbert's Disease, a benign liver disorder; the CDC has identified liver disorders as conditions that "might" place one at increased risk of severe illness from coronavirus.[2]

Costa supported his motion with the report of a medical expert, Dr. Arno Vosk, who opined (based on his review of medical records that ran from April 22, 2019 through December 15, 2020) that "Costa has two conditions which put him at ***increased risk for contracting***

---

[1] *People With Certain Medical Conditions*, Ctrs. Disease Control & Prevention (Mar. 15, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[2] *Id.*

***COVID-19 [and] for severe complications and death [if he were to contract COVID-19]***." (D.I. 255 Ex. C ¶ 19 (emphasis added); *see also id.* at ¶ 22 ("In my opinion, Mr. Costa deserves consideration for early release due to his risk factors for severe COVID-19 infection."))

Costa's motion was filed on January 27, 2021. As it turns out, unbeknownst to Costa's counsel at the time, Costa tested positive for coronavirus on December 23, 2020 and was quarantined – at FCI Schuylkill Camp, where he is currently incarcerated – until January 19, 2021. (D.I. 259 at 10 of 28) Defense counsel, and the Court, learned of these crucial facts from the government's answering brief, filed on February 8, 2021, which was accompanied by Costa's more recent medical records. (D.I. 258, 259) Costa's reply brief, filed on February 12, included a lengthy excerpt from an email from Costa to his attorney, which contains a harrowing depiction of the suffering he purportedly experienced during his quarantine period. (D.I. 260 at 3-4)

Costa's email further states he is continuing even now, nearly two months after his positive test, to suffer adverse consequences from coronavirus. (*Id.*) The degree to which Costa can be said to have "recovered" from coronavirus is disputed between the parties. (*Compare* Transcript of Mar. 15, 2021 teleconference ("Tr.") at 5-7 (defense counsel indicating Mr. Costa continues to experience symptoms) *with* Tr. at 14-16 (government indicating no "serious adverse effects"))[3] It is not clear to the Court whether qualified medical professionals would or would not view Costa's illness as the "severe COVID-19 infection," involving "severe complications," to which Dr. Vosk warned Costa might be vulnerable.

More fundamentally, the entire premise of the motion is not well-supported by the record

---

[3] The parties also appear to dispute whether Costa had the ability to communicate the material change in his health in a more timely manner to his attorney. (*Compare, e.g.*, Tr. at 13, 31 (government suggesting Costa made multiple phone calls and sent multiple emails even during quarantine) *with* D.I. 263 (letter from defense counsel following teleconference))

2

before the Court. The motion asks the Court to recognize that Costa is at a heightened risk of severe health consequences *if* he contracts coronavirus and must try to recover from it in a prison setting. (D.I. 255 at 1) Now, however, Costa *has* contracted coronavirus and, fortunately, is in the process of recovering from it. The pertinent questions at this point would seem to include: what is the risk that Costa will not fully recover from coronavirus, what long-term health consequences will he suffer even if he fully "recovers," is he able to get the medical attention he needs and administer self-care in a prison environment, what is his risk of re-infection, and will he be vaccinated (and when)? The record is silent on these and other pertinent matters.

It follows that Defendant has failed, on the present record, to show that "extraordinary and compelling reasons" support a reduction in his sentence. It may be that Costa can show such reasons, but if they are going to be based on his health then a record will need to be created that recognizes the material change in his health that occurred subsequent to the filing of his motion. (*See* Tr. at 3) (defense counsel describing Costa's coronavirus diagnosis and course of disease as "major development")

Accordingly, IT IS HEREBY ORDERED that Costa's motion (D.I. 255) is DENIED WITHOUT PREJUDICE to renew.[4]

March 17, 2021
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

---

[4] As the parties agree, to prevail on his motion Costa has the burden to demonstrate: (1) he exhausted his administrative remedies; (2) extraordinary and compelling reasons; (3) he will not be a danger to the community if released; and (4) considering the factors set out in 18 U.S.C. § 3553(a), a reduction in his sentence is warranted. *See United States v. Vurgich*, 2020 WL 4335783, at *3 (D. Del., July 24, 2020). The government has conceded that Costa has satisfied factors (1) and (3). (*See* D.I. 258 at 11, 22) Therefore, if Costa were to again seek relief, his motion may focus on factors (2) and (4). Should he file such a motion, the Court would consider directing the United States Probation Office to prepare a revised presentence investigation report.